UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

JAYVONNE HORTZOG,

                              Plaintiff,

     -against-

CITY OF NEW YORK, PEDRO LOPEZ, JOHN DOE #1,
and JOHN or JANE DOE #2, sued individually and in their official
capacity,

                              Defendants,

----------------------------------------------------------------X

**COMPLAINT**

Docket No.

Jury Trial Demanded

Plaintiff JAYVONNE HORTZOG, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

### Preliminary Statement

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and the Constitution of the State of New York.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff JAYVONNE HORTZOG is a twenty-two year old African American citizen of the United States who resides in Bronx, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, PEDRO LOPEZ, JOHN DOE #1, and JOHN or JANE DOE #2, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said

defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On June 20, 2007, at approximately 1:30 p.m., plaintiff JAYVONNE HORTZOG was a lawful pedestrian in front of his residence located at 1056 Boynton Avenue, Bronx, New York.

13. At the aforesaid time and place, defendant LOPEZ, together with other NYPD officers, grabbed plaintiff slammed him to the ground, placed handcuffs on plaintiff's wrists and imprisoned plaintiff in an NYPD van.

14. Defendant LOPEZ, together with other NYPD officers, drove said van with plaintiff imprisoned therein for approximately two to three hours. Eventually, defendant LOPEZ transported plaintiff to an NYPD precinct where plaintiff was imprisoned and subjected to a humiliating and unlawful strip search. The defendants compelled plaintiff to remove his clothing, squat and cough.

15. Plaintiff was arraigned in Bronx County Supreme Court, Criminal Division, on baseless charges filed under docket number 2007BX038954; said charges having been filed based on the false allegations of defendants LOPEZ and JOHN DOE #2, an undercover NYPD officer. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

16. On July 30, 2007, all the purported charges filed against plaintiff by the

3

defendants were dismissed and sealed in Bronx County Supreme Court.

17. Defendant JOHN or JANE DOE #2 supervised defendants LOPEZ and JOHN DOE #1 and approved of, oversaw, and otherwise presided over the defendants' arrest, search and prosecution of the plaintiff.

18. All of the above occurred while defendants LOPEZ, JOHN DOE #1, JOHN or JANE DOE #2, and other NYPD officers failed to intervene in the illegal conduct described herein.

19. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and due to discrimination against plaintiff due to his race and/or nationality.

20. As a result of the foregoing, plaintiff JAYVONNE HORTZOG sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

21. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "20" with the same force and effect as if fully set forth herein.

22. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

23. All of the aforementioned acts deprived plaintiff JAYVONNE HORTZOG, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States

4

of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

24. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

25. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

26. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

**AS AND FOR A SECOND CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

27. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "26" with the same force and effect as if fully set forth herein.

28. Defendants arrested plaintiff JAYVONNE HORTZOG, without probable cause, causing him to be detained against his will for an extended period of time and subjected him to physical restraints.

29. Defendants caused plaintiff JAYVONNE HORTZOG, to be falsely arrested and unlawfully imprisoned.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983)

30. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff JAYVONNE HORTZOG'S constitutional rights.

32. As a result of the aforementioned conduct of defendants, plaintiff JAYVONNE HORTZOG, was subjected to excessive force and sustained physical injuries and emotional distress.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Unlawful Strip Search under 42 U.S.C. §1983)

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. Defendants strip searched plaintiff in the absence of reasonable individualized suspicion that plaintiff was in possession of weapons or contraband at the time he was searched.

35. Defendants thereby caused plaintiff JAYVONNE HORTZOG to be deprived of his right to be free from unlawful strip searches.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Malicious Abuse of Process under 42 U.S.C. § 1983)

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants maliciously issued criminal process against plaintiff by causing him to be arraigned and prosecuted in a Criminal Court.

38. Defendants caused plaintiff JAYVONNE HORTZOG to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up

his abuse of authority.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants initiated, commenced and continued a malicious prosecution against plaintiff.

41. Defendants caused plaintiff JAYVONNE HORTZOG to be prosecuted without any probable cause until the charges were dismissed on July 30, 2007.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendants had an affirmative duty to intervene on behalf of plaintiff JAYVONNE HORTZOG, whose constitutional rights were being violated in their presence by other officers.

44. The defendants failed to intervene to prevent the unlawful conduct described herein.

45. As a result of the foregoing, plaintiff JAYVONNE HORTZOG, was subjected to false arrest, illegal strip search, and his liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints, and detained and prosecuted without probable cause.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

46. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. The defendants falsely arrested, maliciously prosecuted, and illegally strip searched plaintiff JAYVONNE HORTZOG because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

48. As a result of the foregoing, plaintiff JAYVONNE HORTZOG, was deprived of his rights under the Equal Protection Clause of the United States Constitution.

### AS AND FOR A NINTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

### AS AND FOR A TENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

53. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, arresting citizens without probable causes and then committing perjury and/or manufacturing evidence in an effort to convict such individuals. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice and/or blanket policy of illegally strip searching citizens in the absence of reasonable individualized suspicion that the citizen was in possession of weapons or contraband at the time of the search. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff JAYVONNE HORTZOG'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

54. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff JAYVONNE HORTZOG.

55. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JAYVONNE HORTZOG, as alleged herein.

56. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force

behind the Constitutional violations suffered by plaintiff JAYVONNE HORTZOG, as alleged herein.

57. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff JAYVONNE HORTZOG was unlawfully seized, detained, incarcerated, searched, and prosecuted.

58. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JAYVONNE HORTZOG'S constitutional rights.

59. All of the foregoing acts by defendants deprived plaintiff JAYVONNE HORTZOG of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from malicious abuse of process and/or malicious prosecution;

    D. To be free from false imprisonment/arrest;

    E. To receive equal protection under law;

    F. To be free from the failure to intervene;

    G. To be free from unlawful strip searches.

60. As a result of the foregoing, plaintiff JAYVONNE HORTZOG is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**WHEREFORE**, plaintiff JAYVONNE HORTZOG demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)  full and fair compensatory damages in an amount to be determined by a jury;

(B)  punitive damages in an amount to be determined by a jury;

(C)  reasonable attorney's fees and the costs and disbursements of this action; and

(D)  such other and further relief as appears just and proper.

Dated: Brooklyn, New York
April 15, 2010

                              LEVENTHAL & KLEIN, LLP
                              45 Main Street, Suite 230
                              Brooklyn, New York 11201
                              (718) 722-4100

By: _____
        BRETT H. KLEIN (BK4744)

Attorneys for Plaintiff JAYVONNE HORTZOG

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X

JAYVONNE HORTZOG,

                                                 Plaintiff,

                                                                                      Docket No.

     -against-

CITY OF NEW YORK, PEDRO LOPEZ, JOHN DOE #1,
and JOHN or JANE DOE #2, sued individually and in their official
capacity,

                                               Defendants,

--------------------------------------------------------------------------X


## COMPLAINT


**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100